# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.B., A.B.-1, and A.B.-2**

**No. 19-0077** (Summers County 17-JA-42, 17-JA-43, 17-JA-44)

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.P., by counsel Paul S. Detch, appeals the Circuit Court of Summers County's December 18, 2018, order terminating her parental and custodial rights to J.B., A.B.-1, and A.B.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Amy L. Mann, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights upon insufficient evidence that the conditions of abuse and neglect could not be corrected.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we refer to them as A.B.-1 and A.B.-2, respectively, throughout this memorandum decision.

[2]Although petitioner asserts three distinct assignments of error on appeal, her argument section combines these alleged errors into a single argument, which focuses on the circuit court's termination of her parental and custodial rights based on an incorrect standard of proof. Therefore, in this decision, we have consolidated petitioner's assignments of error.

In December of 2017, the DHHR filed a child abuse and neglect petition alleging that A.B.-1 was sexually abused by her stepfather, L.P. The DHHR alleged that, in November of 2017, A.B.-1, then age fifteen, participated in a forensic interview and disclosed that L.P. forced her to have sex with him. A.B.-1 stated L.P. threatened that he would impregnate her if she told anyone about the abuse. The DHHR alleged that, later, L.P. was interviewed by law enforcement and admitted to sexually abusing A.B.-1. Further, the DHHR alleged that, in December of 2017, petitioner brought A.B.-1 to the Summers County prosecuting attorney's office "to have her take back her statement." Following this incident, the DHHR conducted a second forensic interview with A.B.-1 during which she disclosed "that [petitioner] sat her on the couch and intimidated her to take back her statement of sexual abuse by [L.P.] and to say he is a good father." According to the DHHR, petitioner admitted to this conduct during an interview with law enforcement and further admitted that she did not believe A.B.-1 was sexually abused, "despite [L.P.] admitting to the abuse." Petitioner waived her right to a preliminary hearing.

In January of 2018, petitioner stipulated to the allegation that she failed to protect A.B.-1 from L.P. and waived her right to an adjudicatory hearing. The circuit court accepted petitioner's stipulation and adjudicated the children as abused children and petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which was granted. During the improvement period, petitioner was required to attend therapy sessions, parenting classes, and visitations with the children.[3] Petitioner was granted an extension to her post-adjudicatory improvement period in July of 2018.

The circuit court held the final dispositional hearing in November of 2018, and the DHHR presented evidence that petitioner failed to respond to her case plan. Petitioner's therapist testified that petitioner did not seek treatment until July of 2018 and ceased participation in August of 2018. In total, petitioner participated in only four out of twelve scheduled therapy sessions. Petitioner's therapist opined that petitioner participated in too few sessions to benefit or progress her problem solving and acceptance of the sexual abuse within her family. Based on this testimony, the circuit court found that petitioner failed to meet her treatment objectives for individualized and family therapy. The circuit court also found that petitioner failed to progress in parenting classes. Testimony established that petitioner did not internalize the material from parenting classes and began missing classes in August of 2018. The parenting class provider testified that petitioner did not progress in her communication with the children and, as a result, the children thought that she did not believe A.B.-1 was sexually abused by L.P. Finally, the circuit court found, by petitioner's own testimony, that she failed to accept that A.B.-1 was sexually abused by L.P. Petitioner testified that, despite knowing L.P. confessed to the abuse and was ultimately convicted by a jury, she did not believe the abuse occurred. Further, petitioner admitted that she visited L.P. in jail seventeen times during the proceedings against the recommendations of the multidisciplinary treatment team. According to testimony, petitioner visited L.P. in lieu of attending parenting classes on two occasions.

---

[3]In May of 2018, the DHHR amended its petition to include allegations that the children were conceived via an incestuous relationship between petitioner and her stepfather, R.G. The DHHR alleged that petitioner did not consent to the sexual activity, which began while she was a minor and continued for approximately five years.

Upon this evidence, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because of petitioner's failure to make progress in therapy and counseling, coupled with her failure to accept A.B.-1's sexual abuse. Further, the circuit court found that petitioner caused substantial psychological harm to the children by failing to accept the sexual abuse and cease her visitation with L.P. and that it was, therefore, necessary for the children's welfare to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental and custodial rights by its December 18, 2018, order. Petitioner now appeals that order.[4]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without clear and convincing evidence that the conditions of abuse and neglect could not be substantially corrected in the near future. Petitioner notes that "[t]he standard of proof required to support a court order limiting or terminating parental rights to the custody of minor children is clear, cogent and convincing proof." Syl. Pt. 3, *In re Jeffries*, 204 W. Va. 360, 512 S.E.2d 873 (1998). Petitioner asserts that the conditions of abuse and neglect were remedied when L.P. was convicted of sexually abusing A.P.-1. Petitioner further asserts that "[u]nder normal circumstances, [she] would be listed as a non-offending parent." We find petitioner is entitled to no relief.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare

---

[4]L.P.'s custodial rights and R.G.'s parental and custodial rights to the children were terminated below. According to the parties, the permanency plan for the children is adoption in their current relative foster placement with a concurrent plan of guardianship in the same home.

3

of the children. Further, West Virginia Code § 49-4-604(c)(3) provides that situations in which there is "no reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" include one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, *as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.*

(Emphasis added). On appeal, petitioner alleges the DHHR failed to provide evidence that the conditions of abuse and neglect continued or were insubstantially diminished. Petitioner's assertion is that the conditions of abuse and neglect were remedied once L.P. was removed from the home. However, this argument ignores how petitioner's disbelief of A.P.-1's allegations affected the children. As alleged in the petition, to which she stipulated, petitioner "intimidated" A.P.-1 to recant the allegations against L.P. in December of 2017. On appeal, petitioner emphatically states that she "never ever said she didn't believe her daughter," but the record is clear that following this forced recantation she never told A.P.-1 that she believed the accusations were true, despite family therapy and visitations for that purpose. Moreover, at the final dispositional hearing, petitioner testified that she continued to disbelieve A.P.-1's allegations, which had by then formed the basis for L.P.'s criminal conviction. Petitioner completely ignores how this overt denial of her child's allegations abused and neglected the children and, instead, focuses entirely on the removal of L.P. from the home as the only necessary remedy. Yet, there was clear and convincing evidence presented that petitioner continued to deny these allegations and that the denial threatened the health, welfare, and life of the children.

Further, petitioner failed to respond to or follow through with services as set forth in her case plan. The record provides that petitioner minimally participated in individualized therapy and parenting classes and missed multiple sessions of each service. As a result of her lack of participation, both providers opined that petitioner did not make sufficient progress during her improvement period. In regard to petitioner's failure to acknowledge the sexual abuse of A.P.-1, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Petitioner's continued denial of A.P.-1's abuse rendered the conditions of abuse and neglect untreatable. Therefore, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because of petitioner's failure to acknowledge the abuse and failure to follow through with services. Further, the circuit court found that petitioner's ongoing failure to accept A.P.-1's sexual abuse caused the children "substantial psychological

harm." Therefore, we find no error in the circuit court's finding that it was necessary for the children's welfare to terminate petitioner's parental and custodial rights.

Finally, we have held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's required findings are supported by the record, we find no error in the circuit court's order terminating petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 18, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison